THE STATE, EX REL. MULTIMEDIA, INC., D.B.A. WLWT-TV5, *v.* WHALEN, CHIEF.

[Cite as State, ex rel. Multimedia, Inc., *v.* Whalen (1990), 48 Ohio St. 3d 41.]

(No. 89-1757—Submitted October 25, 1989—Decided January 10, 1990.)

*Frost & Jacobs* and *Richard A. Goehler,* for relator.

*Richard A. Castellini,* city solicitor, and *Karl P. Kadon III,* for respondent.

*Per Curiam.* In *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, we held that in an open records case the respondent had the burden of proving that public records are excepted from disclosure. We find that respondent has not sustained this burden of proof and grant the writ.

Respondent raises multiple defenses in his answer, but briefs only two of them: executive privilege and adequate remedy at law. We consider only these two.

Respondent argues that since an investigation of this incident is ongoing, executive privilege permits him not to disclose the records. In this context, "executive privilege" means "the government's privilege to prevent disclosure of certain information [pursuant to discovery provisions of the Federal Rules of Civil Procedure] whose disclosure would be contrary to the public interest." *Frankenhauser* v. *Rizzo* (E.D. Pa. 1973), 59 F.R.D. 339, 342. See, also, *Henneman* v. *Toledo* (1988), 35 Ohio St. 3d 241, 520 N.E. 2d 207, in which we adopted *Frankenhauser's* balancing test to determine whether a litigant's right to discovery outweighs the public interest in nondisclosure of an ongoing investigation.

Respondent argues that the very existence of this judicially created exception of executive privilege means that relator has no clear right to relief, and he further argues that the privilege is incorporated into the open records law under the general provision excepting disclosure of records when expressly prohibited by state or federal law:

" 'Public record' means any record that is kept by any public office * * * except * * * records the release of which is prohibited by state or federal law." R.C. 149.43(A)(1).

Respondent's incorporation argu-

ment might be persuasive were it not for R.C. 149.43(A)(2), in which the General Assembly has allowed nondisclosure of "confidential law enforcement investigatory records" only insofar as their release would create a high probability of disclosure of (1) the identity of an uncharged suspect or witness or other source of information who has been reasonably promised confidentiality, (2) the information provided by such a witness or source, (3) specific confidential investigatory techniques or work products, or (4) information that would endanger the life or safety of law enforcement personnel, victims, witnesses, or confidential sources of information. Respondent does not argue that any of these reasons for nondisclosure apply.

Respondent's no-clear-duty argument is equally unpersuasive. We find no analogy between discovery and open records disclosure, as urged by respondent. In discovery actions, the court may weigh the competing private and public interests, but in open records cases, the General Assembly has already done the weighing and has not accorded any weight to whether an investigation is ongoing. Therefore, the claim of privilege is without merit, and it cannot render the respondent's duty unclear. Accordingly, respondent's first and second arguments are rejected.

Third, respondent argues that he is subordinate to the Cincinnati Safety Director and Cincinnati City Manager, and that relator had an adequate remedy at law by appealing his decision not to make the records available to those officers. We reject this argument too.

R.C. 149.43(C) permits a person aggrieved by nondisclosure to file for a writ of mandamus to obtain the records from the governmental unit or the person responsible for keeping the records. In paragraph one of his answer, respondent admits responsibility for the custody and maintenance of the records. Moreover, in *Barton* v. *Shupe* (1988), 37 Ohio St. 3d 308, 525 N.E. 2d 812, in this type of situation we permitted the joinder of necessary parties *sua sponte* under Civ. R. 21.

Accordingly, we issue the writ and order respondent to make the records sought available as set forth in R.C. 149.43(B). However, we defer action on attorney fees.

In *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443, we held that awarding attorney fees is considered punitive, that under R.C. 149.43(C) such an award is not mandatory, and that the reasonableness of a respondent's refusal to disclose may be considered. Therefore, within thirty days after this order, relator shall apply for attorney fees, if it elects to do so, and submit with its application affidavits, documents, or other evidence and a memorandum in support of the award. Respondent shall file any affidavits, documents, or other evidence and a memorandum opposing the award within thirty days after relator's application is filed.

*Writ allowed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.