The STATE ex rel. NATIONAL BROADCASTING COMPANY, INC.

v.

City of CLEVELAND et al.

[Cite as *State ex rel. Natl. Broadcasting Co.*
*v. Cleveland* (1992), 82 Ohio App.3d 202.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 52337.

Decided April 9, 1992.

*Vorys, Sater, Seymour & Pease, C. William O'Neill* and *Charles P. Hurley,* for relator.

*Barbara R. Marburger* and *Gary N. Travis,* Assistant Directors of Law, for respondents.

---

NAHRA, Presiding Judge.

Relator, National Broadcasting Company, Inc. ("NBC"), pursuant to R.C. 149.43 is seeking disclosure of certain records kept by respondents, the city of Cleveland and several of its officials (collectively the "city"), which pertain to twelve investigations of the use of deadly force by police officers against civilians. This mandamus action is here on remand for application of the relevant statutory exceptions to the records in issue. *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland* (Mar. 13, 1987), Cuyahoga App. No. 52337, unreported, reversed (1988), 38 Ohio St. 3d 79, 526 N.E.2d 786, on remand (Oct. 3, 1989), Cuyahoga App. No. 52337, unreported, 1989 WL 121054, affirmed in part and reversed in part (1991), 57 Ohio St. 3d 77, 566 N.E.2d 146. For the following reasons, after a careful review of each record submitted, we grant a writ of mandamus and order documents released in full or in part as indicated in the Appendix and deny the writ for the remaining documents. We have included in the Appendix a list of documents the city agreed to release, and those records should be released at once if the city has not yet done so.

## I

### Waiver of Exceptions

NBC asserts that the city has waived all exceptions not raised initially in this court. The city contends it raised exceptions in addition to the specific investigatory work product and trial preparation exemptions when it submitted its document list specifying the reasons for withholding records and, after reviewing the document list, we agree. However, even if the city had or had not raised a specific exception, if federal or other state law prohibits public

disclosure of material and that material is evident to the court, such as an individual's Social Security number, we believe the material should be withheld. See, *e.g., State ex rel. Martinelli v. Cleveland* (Apr. 22, 1991), Cuyahoga App. No. 56461, unreported, at 23, 1991 WL 64349; *State ex rel. Jester v. Cleveland* (Jan. 17, 1991), Cuyahoga App. No. 56438, unreported, at 18, 1991 WL 3545. In addition, due to the evolution of public records law during the course of this litigation, we believe it would be unjust to apply waiver principles, especially since this case is itself a principal developer of public records law in this state. Therefore, we will review all claimed exceptions.

## II

## Exceptions

When material is redacted from a document or when a document is withheld from the public, the governmental body has the burden of proving that the records or material redacted are excepted from disclosure. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E.2d 786, paragraph two of the syllabus. When reviewing records, all doubt is to be resolved in favor of disclosure. *Id.* at 83, 526 N.E.2d at 789. The city has claimed various exemptions and we will discuss the application of each exemption separately. Where appropriate, material to be redacted on the documents appears within red brackets to preserve it for appellate review, since the city supplied only one unredacted copy of its records.

## A

### Other State or Federal Law

### 1. Parole Hearing Transcript

Records pertaining to parole proceedings are not public records. R.C. 149.43(A)(1); *State ex rel. Gaines v. Ohio Adult Parole Auth.* (1983), 5 Ohio St. 3d 104, 5 OBR 241, 449 N.E.2d 762. Record IX–73 is a transcript of a probable cause hearing on a parole violation. Since the transcript is a record pertaining to a parole proceeding, it is exempt. In addition, Records IX–67 (second sentence) and 68 (paragraphs 1 through 3, page 2) are to be redacted where they contain references to this hearing.

### 2. Federal and State Data Networks

Section 3789g, Title 42, U.S. Code prohibits disclosure of Federal Bureau of Investigation ("FBI") "rap sheets," and R.C. 109.57 prohibits disclosure of Ohio Bureau of Criminal Investigation ("BCI") "rap sheets." *State ex rel. Lippitt v. Kovacic* (1991), 70 Ohio App.3d 525, 591 N.E.2d 422.

Consequently, FBI and BCI ("OSB") identification numbers which appear on other documents must be redacted. *Id.* Records I—92; IV—2; V—9-10; VI—68, 80-81; VIII—47-48; IX—5-6; XI—7, 22, 30-32; and XII—25 are rap sheets and are exempt from disclosure. Records VII—10 (page 2), 11 (page 2), 12 (page 2), 14; IX—47; XI—21; and XII—24 contain FBI and/or OSB numbers and those numbers are marked for redaction.

### 3. Attorney—Client Privilege

Documents containing communications between attorneys and government clients are protected from disclosure by the attorney-client privilege. See *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland* (Mar. 1, 1991), Cuyahoga App. No. 57881, unreported, 1991 WL 30252; *Woodman v. Lakewood* (1988), 44 Ohio App.3d 118, 541 N.E.2d 1084, appeal dismissed (1988), 39 Ohio St. 3d 706, 534 N.E.2d 89. The documents for which the city claims this privilege contain communications about legal advice given or contain communications between attorneys in the city's law department and members of the various city entities the law department represents regarding the legal business of the governmental clients. Records VI—86-87, 90-91, and XI—1-2 are therefore exempt from disclosure under R.C. 149.43(A)(1).

### 4. Social Security Numbers

An individual's Social Security number is exempt from disclosure. *State ex rel. Van Johnson v. Cleveland* (Sept. 30, 1991), Cuyahoga App. No. 60964, unreported, 1991 WL 200273. The Social Security numbers contained in Records VII—19 (pages 1 through 2 and 4); VIII—6 (pages 1-3), 42, 45 (page 4), 50; IX—9, 15, 16 (page 2), 17, 30, 34, 36-37, 40, 43-44, 46, 52 (pages 1 through 2, 6 and 15), 53 (pages 1 through 2), 54 (page 2), 56, 59 (page 1), 70-71, 78 (page 1), 79 (pages 3, 5); XI—24 (page 2); XII—48 (page 1) and 59 (page 8) are marked for redaction.

### B

### Confidential Law Enforcement Investigatory Records

Investigatory records may be exempt from disclosure as confidential law enforcement investigatory records if release of a record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity;

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source." R.C. 149.43(A)(2).

### 1. Uncharged Suspect

The city alleges that Record VIII—15 contains the name of an uncharged suspect in a purse-snatching incident. Most of the information contained in the document is illegible. Regardless, although the heading "suspect" appears on the document, it is not evident from the record itself and the city has supplied no proof that the suspect named in the report has not been charged. The allegation contained in counsel's brief is insufficient to meet the government's burden of proving that records are excepted from disclosure. See *State ex rel. Van Johnson v. Cleveland* (Sept. 30, 1991), Cuyahoga App. No. 60964, unreported, 1991 WL 200273. Consequently, Record VIII—15 is to be disclosed in full.

### 2. Work Product

The city has claimed R.C. 149.43(A)(2)(c) for most of the withheld documents. This exception protects specific confidential investigatory techniques or procedures and specific investigatory work product. Specific investigatory work product "protects an investigator's deliberative and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. The exception does not encompass the objective facts and observations he has recorded." *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph three of the syllabus.

### a. Coroner's Investigation

Citing *State ex rel. Dayton Newspapers, Inc. v. Rauch* (1984), 12 Ohio St. 3d 100, 12 OBR 87, 465 N.E.2d 458, this court has withheld from disclosure various material from the coroner's investigations, including reports, laboratory findings and photographs. *State ex rel. Van Johnson v. Cleveland* (Sept. 30, 1991), Cuyahoga App. No. 60964, unreported, 1991 WL 200273; *State ex rel. Martinelli v. Cleveland Police Dept.* (Apr. 22, 1991), Cuyahoga App. No. 56461, unreported, 1991 WL 64349; *State ex rel. Apanovitch v. Cleveland* (Feb. 6, 1991), Cuyahoga App. No. 58867, unreported, 1991 WL 18676. In accord with our previous decisions, since the following records are as claimed,

they are exempt from disclosure: Records I—2, 5, 8, 10; VI—1–2, 55, 79; VII—5–6; X—2, 4, 12; XI—25; XII—44 and 45.

### b. Other Scientific Tests

Similarly, this court has withheld documents containing other sophisticated, scientific testing procedures as investigatory techniques or work product. *State ex rel. Apanovitch v. Cleveland, id.* Thus, since the following records are as claimed, they are exempt from disclosure: Records I—12, 46–49, 59 (paragraphs 2 and 3), 100, 102; VI—49, 63–64; VII—21 (paragraph 4, page 1; paragraph 2, page 2; paragraph 2, pages 4–5; paragraph 1, page 5), 24 (paragraphs 4 and 5), 25 (paragraph 2), 35 (paragraphs 3 and 4); VIII—3, 10 (paragraphs 3 and 6), 13 (all but first three and last sentences); IX—25–27; X—17 (paragraphs 2 and 4, page 1; paragraph 4, page 2; pages 3–4), 23 (paragraphs 3 and 4), 26; XI—13 (paragraph 2, page 2), 17 (paragraph 4); and XII—19 (paragraph 4, page 1; pages 2–3).

The following records, however, must be disclosed, since the city supplied no proof of the application of R.C. 149.43(A)(2)(c) to these records and it is not self-evident from the face of the documents: Records VII—1 (eighty-nine photographs); VIII—43 (ten photographs).

### c. Investigator's Plans/Subjective Analysis

The following records contain investigative plans and/or subjective analyses and are marked for redaction or exempted in full: Records I—45 (paragraph 5), 50–51, 63 (paragraph 4), 76 (last three sentences), 96 (paragraph 3, page 2); II—7 (paragraph 10, page 3); VI—19 (last two sentences, paragraph 1, page 2; last sentence, paragraph 2, page 2; all but first sentence, paragraph 2, page 3; paragraph 4, page 3), 23 (paragraph 2), 27 (paragraph 3, page 2), 37 (paragraph 7), 39 (paragraphs 2–5, page 2), 89 (last sentence, paragraph 4, page 2; fifth sentence to end of paragraph 2, page 3; last sentence, paragraph 5, page 3; last sentence, paragraph 6, page 3); VII—21 (paragraph 1, indented portion, pages 4–5), 22 (paragraph 3), 37; VIII—8 (paragraph 4, page 1), 54; X—15 (paragraph 10, page 4); and XI—24 (paragraph 2, page 17; paragraph 3, page 18; paragraph 3, page 19).

The following records do not contain investigative plans or subjective analyses as claimed and are to be disclosed unless otherwise exempted or redacted pursuant to a different exception: Records I—3, 14, 79, 97; II—5–6, 8, 13; III—10; VI—3, 14, 17–18, 21–22, 40, 65, 73–74; VIII—6–7, 45, 51–53; IX—59; XI—26; and XII—50.

#### d. Investigator's Diagrams

The city contends the diagrams or sketches created by investigators should be exempt as specific investigatory work product because the drawings represent the investigators' interpretations of facts. Relator argues that diagrams should not be exempt from disclosure since diagrams are simply a recordation of objective facts and observations which, if in narrative form, would not be excludable. The Supreme Court stated earlier in this case that the specific investigatory work product exception "protects an investigator's deliberative and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. The exception does not encompass the objective facts and observations he has recorded. * * * Specific investigatory work product can best be defined as material that demonstrably contains or reveals the theories, mental impressions, and though processes of the investigator." *State ex rel. Natl. Broadcasting Co. v. Cleveland, supra,* 38 Ohio St. 3d at 83–84, 526 N.E.2d at 790.

The drawings the city is seeking to withhold do not meet the work product criteria. The sketches illustrate the various incident scenes and contain, among other things, distance markings for streets, residences, bar room interiors, etc. All of the drawings are pictorials or visuals of objective facts and/or observations. Accordingly, Records II—12, 15; VI—32–33, 76, 78; VII—2–3, 8; VIII—16–17; IX—69; X—3; XI—6 and 8 are to be disclosed.

#### e. Administrative and Disciplinary Reviews

The city argues that the administrative and disciplinary reviews should be excluded as specific investigatory work product, since they contain the subjective analyses of the reviewer of each use of deadly force under investigation. Relator contends that these reviews should not be protected as specific investigatory work product, since the public records statute was designed to protect the subjective judgments of investigators and not designed to prohibit public scrutiny of the rationale for disciplining police officers. In other words, relator argues, the investigation is complete before the administrative or disciplinary reviews begin so that these reviews which merely critique an officer's performance cannot be considered specific investigatory work product. The Supreme Court, however, has ordered us to apply the specific investigatory work product exception to these records, *State ex rel. Natl. Broadcasting Co., supra,* 57 Ohio St. 3d at 81, 566 N.E.2d at 150, and we, therefore, conclude that once the initial investigation ends, a new administrative or disciplinary investigation begins so that a reviewer's analysis based on the initial investigation is, itself, a part of an investigatory procedure.

In applying R.C. 149.43(A)(2)(c), we find that the following internal review records contain subjective analyses and are either exempted in full or are to

be redacted as indicated: Records VI—84 (Summary Opinion, page 3); VII—38 (Summary Opinion, page 4); VIII—34 (after date "May 7" to end of sentence, paragraph 3, page 1; after word "that," line 4, paragraph 6, page 1, to end of paragraph 6, page 1), 41 (Summary Opinion, page 3); IX—66 (paragraph 2, page 2; last sentence, paragraph 3, page 2; last two sentences, paragraph 4, page 2; paragraph 5, page 2), 68 (paragraph 4, page 2), 75 (after comma paragraph 2 to comma paragraph 3), 76 (Analyses paragraphs 2 and 4, page 6; paragraph 2, page 7; paragraph 1, page 8; page 10), 78 (paragraphs 1–4, 7–9, page 4; paragraphs 1–5, page 5) and 80 (from comma paragraph 3 through first sentence paragraph 6, page 1); X–29 (all but first sentence, page 4; page 5), 34 (from comma paragraph 3 through first sentence paragraph 6, page 1), 35 (paragraph 2, page 2; last sentence paragraph 3, page 2; last two sentences paragraph 4, page 2; paragraph 5, page 2), 37 (Analyses paragraphs 2, 4 and 6, page 6; paragraph 2, page 7; paragraph 1, page 8; page 10); XI—34 (Comments section), 36 (paragraph 8, page 3), 37 (Analysis paragraph 2, page 6; paragraph 2, page 7; paragraph 1, page 8); XII—46 (Analyses paragraphs 2, 4, page 6; paragraph 2, page 7; paragraph 1, page 8, 47 (Comments section, page 2), 48 (last sentence paragraph 2 through end; page 6), 52 (page 2), 55 (paragraphs 2–4, 6, pages 1–2), 59 (paragraphs 2, 4, page 5; all but last paragraph page 6; paragraph 2 through end, page 11), and 60 (all but first and last paragraphs).

The following records are to be disclosed in full unless otherwise exempted or redacted: VI—85–88, 90–91; VIII—40; IX—64–65, 72, 74, 77; X—27–28, 33, 36; XII—49, 53–54, 56–58, 61–62.

### 3. Physical Safety

 The physical safety exception exempts records which, if released, would create a high probability of disclosure of "[i]nformation that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source." R.C. 149.43(A)(2)(d). The burden of proof is on the governmental entity to prove the applicability of claimed exemptions, *State ex rel. Natl. Broadcasting Co., supra,* 38 Ohio St. 3d 79, 526 N.E.2d 786, and this court has required more than an allegation in counsel's brief or a bare conclusion in an affidavit to meet this burden when the exception is not self-evident from the face of the record, *State ex rel. Van Johnson v. Cleveland, supra; State ex rel. Lippitt v. Kovacic, supra.*

### a. Police Addresses and Telephone Numbers

The city contends that police officers' addresses and telephone numbers should be redacted because (1) the General Assembly has prohibited the disclosure of police officers' home addresses in R.C. 2921.24 and 2921.25, (2)

the city and the police unions have agreed to protect police officers' home addresses and telephone numbers from disclosure and (3) disclosure of the information would create a safety risk for the officers and their families.

The General Assembly has prohibited the disclosure of police officers' home addresses under limited circumstances only. R.C. 2921.24 and 2921.25 respectively provide as follows:

"(A) No officer or employee of a law enforcement agency or court, or of the office of the clerk of any court, shall disclose during the pendency of any criminal case the home address of any peace officer, as defined in section 2935.01 of the Revised Code, who is a witness or arresting officer in the case.

"(B) Division (A) of this section does not prohibit a peace officer from disclosing his own home address, and does not apply to any person who discloses the home address of a peace officer pursuant to a court-ordered disclosure under division (C) of this section.

"(C) The court in which any criminal case is pending may order the disclosure of the home address of any peace officer who is a witness or arresting officer in the case, if the court determines after a written request for the disclosure that good cause exists for disclosing the home address of the peace officer.

"(D) Whoever violates division (A) of this section is guilty of disclosure of confidential information, a misdemeanor of the fourth degree."

"No judge of a court of record, or mayor presiding over a mayor's court, shall order a peace officer, as defined in section 2935.01 of the Revised Code, who is a witness in a criminal case, to disclose his home address during his examination in the case, unless the judge or mayor determines that the defendant has a right to the disclosure."

Neither section bars disclosure absolutely. R.C. 2921.24 prohibits disclosure, during the pendency of any criminal case, of the home address of a police officer who is a witness or arresting officer in the case unless the court determines upon written request that good cause exists for the disclosure. R.C. 2921.25 prohibits disclosure of a police officer's home address during the police officer's testimony in a criminal case unless the judge or mayor determines that the defendant has a right to the disclosure. The city has failed to provide any evidence which demonstrates the applicability of either statute to our case and we therefore conclude that neither R.C. 2921.24 nor 2921.25 bars disclosure of the home addresses of police officers in this case.

The city next proposes that police officers' home addresses and telephone numbers should not be disclosed because the city and the police unions have agreed to protect that information from disclosure. The city,

however, cannot enter into enforceable promises of confidentiality with respect to public records. *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland, supra;* see *State ex rel. Kinsley v. Berea Bd. of Educ.* (1990), 64 Ohio App.3d 659, 582 N.E.2d 653; *State ex rel. Dwyer v. Middletown* (1988), 52 Ohio App.3d 87, 557 N.E.2d 788, appeal dismissed (1988), 39 Ohio St. 3d 730, 534 N.E.2d 357; see, also, *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St. 3d 382, 18 OBR 437, 481 N.E.2d 632, which interpreted the previous public records statute.

Last, the city argues that disclosure of police officers' home addresses and telephone numbers would create a safety risk for the officers and their families and that therefore the information should be excluded under R.C. 149.43(A)(2)(d). First it should be noted that R.C. 149.43(A)(2)(d) is limited to law enforcement personnel, crime victims, witnesses and confidential information sources. Relatives of police officers are not encompassed within the statute's protection unless they are shown to come within one of the stated categories. See *State ex rel. Lippitt v. Kovacic, supra,* 70 Ohio App.3d at 530–531, 591 N.E.2d at 425–426. The city has failed to make any showing in this regard.

Second, we do not believe the General Assembly intended a blanket exception for police officers' home addresses and telephone numbers, since it did not so state. See *Police & Fire Retirees of Ohio, Inc. v. Police & Firemen's Disability & Pension Fund* (1985), 18 Ohio St. 3d 231, 18 OBR 289, 480 N.E.2d 482, which was decided under the previous public records statute, and which held that the names and addresses of member police and firemen were subject to disclosure as public records. The city has cited nothing which exempts telephone numbers. Consequently, since the risk to safety is not absolute and is not self-evident from the face of the records submitted, the city is required to prove its entitlement to R.C. 149.43(A)(2)(d) protection through evidentiary material. *State ex rel. Van Johnson v. Cleveland, supra,* at 9–11.

The city has failed to meet its burden of proof with respect to the records submitted. Record I—101 contains two home phone numbers, but we have no evidence based on personal knowledge that either telephone number is that of a police officer. Moreover, the city has failed to supply evidentiary material indicating how the release of these telephone numbers would endanger the life or physical safety of a police officer. Record IV—6 contains telephone numbers for two police officers (neither of which is identified as a residential number) but the city has not explained how the release of these numbers would endanger the police officers involved. Finally, Record VI—27 contains the home address and telephone number of a police officer who was related to

a victim, and again the city has failed to explain how the release of this information would endanger the life or physical safety of this police officer. Accordingly, none of these addresses or telephone numbers are to be redacted.

### b. Confidential Information Source

The city argues that the name and address of a witness in Records VI—17, 38, 40, 50 and 52 be redacted, because the witness showed repeated resistance to involvement in the investigation. The city suggests that this resistance demonstrates a fear for her physical safety. We do not agree. The witness expressed no fear for her safety but only agitation at her involvement, so it is not self-evident from the document that the release of the witness's name and address would endanger her life or physical safety. Moreover, the city has failed to supply any evidence to support this claimed exclusion. See *State ex rel. Van Johnson v. Cleveland, supra.* Accordingly, no redaction pursuant to R.C. 149.43(A)(2)(d) is ordered.

### c. Medical Records

Medical records are not public records. R.C. 149.43(A)(1). A medical record is "any document or combination of documents, except births, deaths, and the fact of admission to or discharge from a hospital, that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment." R.C. 149.43(A)(3). Record III—12 is the five-page Mt. Sinai Hospital Emergency Room Record of Alfred McClairin, which depicts his medical condition and treatment and is therefore exempted from disclosure. Records X—31–32 are Emergency Medical Service's run sheets indicating barely legible medical conditions and treatment, which also are exempted from disclosure.

Record VI—62 is an Emergency Medical Service run sheet which indicates a victim was "D.O.A./obvious." This record is not exempt from disclosure, since it was not generated and maintained in the process of medical treatment. The victim was found dead at the scene and received no medical treatment. See *State ex rel. Ware v. Cleveland* (1989), 55 Ohio App. 3d 75, 562 N.E.2d 946. Similarly, Record VIII—34 is a police department report concerning the behavior of Patrolman Minor and requesting a medical and psychological reevaluation. It, too, must be disclosed, since it does not meet the conjunctive requirement of the medical records exception, that is, having been generated and maintained in the process of medical treatment. See *State ex rel. Toledo Blade Co. v. Telb* (1990), 50 Ohio Misc. 2d 1, 10, 552 N.E.2d 243, 251. Record IX—29 is another Emergency Medical Service run sheet which must be disclosed, since it indicates no medical treatment for the deceased victim.

## C

### Trial Preparation Records

Trial preparation records, which are exempt from disclosure, are records that contain "information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney."

The city is claiming the trial preparation exception for several witness statements which were obtained during the course of the investigations of these incidents. General police investigatory files, however, are not exempt as trial preparation records. *State ex rel. Coleman v. Cincinnati* (1991), 57 Ohio St. 3d 83, 566 N.E.2d 151. Thus, both this court and the Supreme Court of Ohio have concluded that witness statements prepared in the course of a general criminal investigation are not trial preparation records. *Id.; State ex rel. Van Johnson v. Cleveland, supra.* Consequently, Records I—20–36, 83, 86; VI—4–13, 15–16, 30–31, 34; VII—39–44; VIII—24–33; XI—1–4, 60; X—5–9; and XII—30–43 must be disclosed. The remaining document, Record VIII—35, which the City claims is trial preparation, contains a list of potential witnesses for trial with personal information for each witness. It is clear from the face of this record that it was prepared specifically for use at trial and is therefore exempt from disclosure.

## III

### Conclusion

Relator has established a legal right to the records we have deemed public in whole or in part in accordance with this opinion and as reflected in the Appendix. Relator's petition for writ of mandamus is hereby granted in part and denied in part.

Because the parties have the right to appeal from this judgment, and in accord with previous decisions, see, *e.g., State ex rel. Martinelli v. Cleveland, supra,* we are resealing the records submitted to us until appeals are exhausted or the parties agree to end this litigation. Costs to respondents.

*Writ granted in part*
*and denied in part.*

PATTON and KRUPANSKY, JJ., concur.

## APPENDIX

### A

Documents City Agreed to Release

Incident I

1, 4, 6–7, 9, 11, 13, 15–19, 37–44, 52–58, 60–62, 64–75, 77–78, 80–82, 84–85, 87–91, 93–95, 98–99

Incident II

1–4, 8, 10–11, 14, 16

Incident III

1–9, 11

Incident IV

1, 3–5

Incident V

1–8

Incident VI

20, 24–26, 28–29, 35–36, 41–48, 51, 53–54, 56–61, 66–67, 69–72, 75, 77, 82–83

Incident VII

4, 7, 9, 13, 15–18, 20, 23, 26–34, 36

Incident VIII

1–2, 4–5, 9, 11–12, 14, 18–23, 36–37, 44, 46, 49

Incident IX

7–8, 10–14, 18–24 (Record 19 not in files), 28, 31–33, 35, 38–39, 41–42, 45, 48–51, 55, 57–58, 61–63

Incident X

1, 10–11, 13–14, 16, 18–22, 24–25, 30

Incident XI

3–5, 9–12, 14–16, 18–20, 23, 27–29, 33, 35, 38

Incident XII
 1–18, 20–23, 26–29, 51

B

Documents to be Released in Full

| Incident and Record(s) No. | General Identity |
|---|---|
| Incident I | |
| 3, 14, 79, 97, 101 | Handwritten notes |
| 20–36, 83, 86 | Witness statements |
| Incident II | |
| 5–6, 9 | Supplementary Reports |
| 12, 15 | Diagrams |
| 13 | Handwritten note |
| Incident III | |
| 10 | Police Department Report |
| Incident IV | |
| 6 | Police Department Report |
| Incident VI | |
| 3, 21, 73–74 | Handwritten notes |
| 4–13, 15–16, 30–31, 34 | Witness statements |
| 14, 18, 85, 88 | Police Department Reports |
| 17, 22, 38, 40, 50, 52, 65 | Supplementary Reports |
| 32–33, 76, 78 | Diagrams |
| 62 | EMS Run Sheet |
| Incident VII | |
| 1 | Photographs |
| 2–3, 8 | Diagrams |
| 39–44 | Witness Statements |
| Incident VIII | |
| 7 | Supplementary Report |
| 15 | Offense/Incident Report |
| 16–17 | Diagrams |
| 24–33 | Witness Statements |
| 40, 52 | Police Department Reports |
| 43 | Photographs |
| 51, 53 | Letters |
| Incident IX | |
| 1–4, 60 | Witness Statements |
| 29 | EMS Run Sheet |
| 64 | Police Department Report |
| 65 | Letter |
| 69 | Diagram |
| 72 | Discharge of Weapon Summary |
| 74 | Memorandum |
| 77 | Use of Deadly Force Investigative Team (UDFIT) Check–Off Form |
| Incident X | |
| 3 | Diagram |

| Incident and Record(s) No. | General Identity |
|---|---|
| 5–9 | Witness Statements |
| 27–28 | Police Department Reports |
| 33 | Memorandum |
| 36 | UDFIT Check–Off Form |
| Incident XI | |
| 6, 8 | Diagrams |
| 26 | Handwritten notes |
| Incident XII | |
| 30–43 | Witness Statements |
| 49 | Police Department Report |
| 50 | Handwritten notes |
| 53–54, 56–58, 61–62 | Memoranda |

C
Documents Exempt in Whole or in Part

| Incident and Record(s) No. | Identity | Disposition and Reason |
|---|---|---|
| Incident I | | |
| 2, 5, 8, 10 | Coroner's photographs | Exempt. R.C. 149.43(A)(2)(c) |
| 12, 102 | Target testing | Exempt. R.C. 149.43(A)(2)(c) |
| 45 | Supplementary Report | Redact. R.C. 149.43(A)(2)(c) |
| 46–51, 100 | Test firing reports | Exempt. R.C. 149.43(A)(2)(c) |
| 59, 63 | Supplementary Report | Redact. R.C. 149.43(A)(2)(c) |
| 76 | Police Department Memorandum | Redact. R.C. 149.43(A)(2)(c) |
| 92 | NCIC computer printout | Exempt. R.C. 149.43(A)(1) |
| 96 | Police Department Report | Redact. R.C. 149.43(A)(2)(c) |
| Incident II | | |
| 7 | Supplementary Report | Redact. R.C. 149.43(A)(2)(c) |
| Incident III | | |
| 12 | Hospital Record | Exempt. R.C. 149.43(A)(3) |
| Incident IV | | |
| 2 | LEAD and NCIC computer printouts | Exempt. R.C. 149.43(A)(1) |
| Incident V | | |
| 9–10 | NCIC and LEAD computer printouts | Exempt. R.C. 149.43(A)(1) |
| Incident VI | | |
| 1 | Coroner's report | Exempt. R.C. 149.43(A)(2)(c) |
| 2 | Coroner's photographs | Exempt. R.C. 149.43(A)(2)(c) |

| Incident and Record(s) No. | Identity | Disposition and Reason |
|---|---|---|
| 19, 89 | Police Department Reports | Redact. R.C. 149.43(A)(2)(c) |
| 23, 27, 37, 39 | Supplementary Reports | Redact. R.C. 149.43(A)(2)(c) |
| 49 | Police Department Memorandum | Exempt. R.C. 149.43(A)(2)(c) |
| 55 | Toxicology Report | Exempt. R.C. 149.43(A)(2)(c) |
| 63 | Supplementary Report | Exempt. R.C. 149.43(A)(2)(c) |
| 64 | Forensic Lab Report | Exempt. R.C. 149.43(A)(2)(c) |
| 68, 80 | LEAD computer printouts | Exempt. R.C. 149.43(A)(1) |
| 79 | Autopsy Report | Exempt. R.C. 149.43(A)(2)(c) |
| 81 | NCIC computer printout | Exempt. R.C. 149.43(A)(1) |
| 84 | Professional Conduct/Internal Review (PCIR) Summary Opinion | Redact. R.C. 149.43(A)(2)(c) |
| 86–87, 91 | Interdepartment Memoranda | Exempt. R.C. 149.43(A)(1) |
| 90 | Police Department Memorandum | Exempt. R.C. 149.43(A)(1) |
| **Incident VII** | | |
| 5 | Coroner's drawings | Exempt. R.C. 149.43(A)(2)(c) |
| 6 | Coroner's photographs | Exempt. R.C. 149.43(A)(2)(c) |
| 10–12, 14 | Scientific Identification Bureau (SIB) Reports | Redact. R.C. 149.43(A)(1) |
| 19 | Supplementary Report | Redact. R.C. 149.43(A)(1) |
| 21–22, 24–25, 35 | Supplementary Reports | Redact. R.C. 149.43(A)(2)(c) |
| 37 | Memorandum | Exempt. R.C. 149.43(A)(2)(c) |
| 38 | PCIR Summary Opinion | Redact. R.C. 149.43(A)(2)(c) |
| **Incident VIII** | | |
| 3, 43 | Test firing photographs | Exempt. R.C. 149.43(A)(2)(c) |
| 6 | Supplementary Report | Redact. R.C. 149.43(A)(1) |
| 8, 10, 13 | Supplementary Reports | Redact. R.C. 149.43(A)(2)(c) |
| 34 | Police Department Report | Redact. R.C. 149.43(A)(2)(c) |
| 35 | Police Department Report | Exempt. R.C. 149.43(A)(4) |
| 41 | PCIR Summary Opinion | Redact. R.C. 149.43(A)(2)(c) |

| Incident and Record(s) No. | Identity | Disposition and Reason |
|---|---|---|
| 42, 45 | Handwritten notes | Redact. R.C. 149.43(A)(1) |
| 47 | Bureau of Criminal Identification & Investigation (BCII) Report | Exempt. R.C. 149.43(A)(1) |
| 48 | Federal Bureau of Investigation (FBI) Report | Exempt. R.C. 149.43(A)(1) |
| 50 | Ohio Department of Liquor Control Police Department Form | Redact. R.C. 149.43(A)(1) |
| 54 | Notes | Exempt. R.C. 149.43(A)(2)(c) |
| **Incident IX** | | |
| 5 | NCIC and LEAD computer printouts | Exempt. R.C. 149.43(A)(1) |
| 6 | BCII computer printout | Exempt. R.C. 149.43(A)(1) |
| 9, 15–16 | Fairview Park Police Department Vehicle Forms | Redact. R.C. 149.43(A)(1) |
| 17 | Fairview Park Police Department Statement Form | Redact. R.C. 149.43(A)(1) |
| 25–27 | Forensic Lab Reports | Exempt. R.C. 149.43(A)(2)(c) |
| 30, 52 | Supplementary Reports | Redact. R.C. 149.43(A)(1) |
| 34, 37, 43 | Cleveland Heights Police Department Reports | Redact. R.C. 149.43(A)(1) |
| 36, 40, 44, 46 | Cleveland Heights Arrest Records | Redact. R.C. 149.43(A)(1) |
| 47 | SIB Report | Redact. R.C. 149.43(A)(1) |
| 53–54, 56 | Police Department Reports | Redact. R.C. 149.43(A)(1) |
| 59 | Interview summaries | Redact. R.C. 149.43(A)(1) |
| 66, 75, 80 | Memoranda | Redact. R.C. 149.43(A)(2)(c) |
| 67 | Memorandum | Redact. R.C. 149.43(A)(1) |
| 68 | Memorandum | Redact. R.C. 149.43(A)(1); R.C. 149.43(A)(2)(c) |
| 70–71 | Arrest cards | Redact. R.C. 149.43(A)(1) |
| 73 | Parole violation—probable cause hearing transcript | Exempt. R.C. 149.43(A)(1) |
| 76 | Incident Review Form | Redact. R.C. 149.43(A)(2)(c) |
| 78 | Use of Deadly Force Investigation Team (UDFIT) Summary Opinion | Redact. R.C. 149.43(A)(1); R.C. 149.43(A)(2)(c) |

| Incident and Record(s) No. | Identity | Disposition and Reason |
|---|---|---|
| 79 | Notes | Redact. R.C. 149.43(A)(1) |
| **Incident X** | | |
| 2 | Coroner's photographs | Exempt. R.C. 149.43(A)(2)(c) |
| 4 | Coroner's Lab Report | Exempt. R.C. 149.43(A)(2)(c) |
| 12 | Coroner's drawings | Exempt. R.C. 149.43(A)(2)(c) |
| 15, 17, 23 | Supplementary Reports | Redact. R.C. 149.43(A)(2)(c) |
| 26 | Handwritten notes | Exempt. R.C. 149.43(A)(2)(c) |
| 29 | UDFIT Summary Opinion | Redact. R.C. 149.43(A)(2)(c) |
| 31–32 | EMS Run Sheets | Exempt. R.C. 149.43(A)(3) |
| 34–35 | Memoranda | Redact. R.C. 149.43(A)(2)(c) |
| 37 | Incident Review Form | Redact. R.C. 149.43(A)(2)(c) |
| **Incident XI** | | |
| 1–2 | Memoranda | Exempt. R.C. 149.43(A)(1) |
| 7, 30 | LEAD computer printouts | Exempt. R.C. 149.43(A)(1) |
| 13, 17 | Supplementary Reports | Redact. R.C. 149.43(A)(2)(c) |
| 21 | SIB Report | Redact. R.C. 149.43(A)(1) |
| 22 | FBI Report | Exempt. R.C. 149.43(A)(1) |
| 24 | Supplementary Report | Redact. R.C. 149.43(A)(1); R.C. 149.43(A)(2)(c) |
| 25 | Coroner's photographs | Exempt. R.C. 149.43(A)(2)(c) |
| 31 | NCIC computer printout | Exempt. R.C. 149.43(A)(1) |
| 32 | BCII computer printout | Exempt. R.C. 149.43(A)(1) |
| 34 | UDFIT Check–Off Form | Redact. R.C. 149.43(A)(2)(c) |
| 36 | UDFIT Summary Opinion | Redact. R.C. 149.43(A)(2)(c) |
| 37 | Incident Review Form | Redact. R.C. 149.43(A)(2)(c) |
| **Incident XII** | | |
| 19 | Supplementary Report | Redact. R.C. 149.43(A)(2)(c) |
| 24 | SIB Report | Redact. R.C. 149.43(A)(1) |

222

| Incident and Record(s) No. | Identity | Disposition and Reason |
|---|---|---|
| 25 | Michigan State Police Identification Report | Exempt. R.C. 149.43(A)(1) |
| 44 | Autopsy Report | Exempt. R.C. 149.43(A)(2)(c) |
| 45 | Coroner's photographs | Exempt. R.C. 149.43(A)(2)(c) |
| 46 | Incident Review Form | Redact. R.C. 149.43(A)(2)(c) |
| 47, 52, 55, 60 | Memoranda | Redact. R.C. 149.43(A)(2)(c) |
| 48 | UDFIT Summary Opinion | Redact. R.C. 149.43(A)(1); R.C. 149.-43(A)(2)(c) |
| 59 | Memorandum | Redact. R.C. 149.43(A)(1); R.C. 149.-43(A)(2)(c) |