STATE ex rel. RICHARD

v.

CLEVELAND METRO HEALTH CENTER.

[Cite as *State ex rel. Richard v. Cleveland Metro Health Ctr.* (1992), 84 Ohio App.3d 142.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63526.

Decided Dec. 2, 1992.

*Donald L. Richard, Sr.,* relator, *pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Patrick J. Murphy,* Assistant Prosecuting Attorney, for respondent.

ANN MCMANAMON, Judge.

Relator requests that this court compel respondent Cleveland Metro Health Center ("the hospital") to provide him with the following described records:

"certified copy of the emergency room report and/or the report for the Emergency Medical Service who transported Neil S. Baldwin, to Metro Hospital on 1/25/87 at approximately 1:30 a.m. from 4515 Clark Avenue, Cleveland, Ohio for gunshot injury. * * * THIS IS NOT A REQUEST FOR MEDICAL RECORDS, ONLY GENERAL DESCRIPTION OF INJURY AND DESCRIPTION OF PATIENT. PLEASE INCLUDE THE TOTAL NUMBER OF BULLETS REMOVED AND NOT REMOVED BY YOUR HOSPITAL." (Capitalization in original.)

The hospital has filed five sets of copies of records for individualized scrutiny. A review of these records reflects that, on January 25, 1987, Cleveland Emergency Medical Service ("EMS") transported Baldwin to the hospital where he arrived at 1:35 a.m. Both the emergency room report and the report by the EMS team which transported Neil S. Baldwin to the hospital were generated while Baldwin was alive.

The hospital contends that these documents are medical records.

"A medical record is 'any document or combination of documents, except births, deaths, and the fact of admission to or discharge from a hospital, that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment.' R.C. 149.43(A)(3). Record III—12 is the five-page Mt. Sinai Hospital Emergency Room Record of Alfred McClairin, which depicts his medical condition and treatment and is therefore excepted from disclosure. Records X—31–32 are Emergency Medical Service's run sheets indicating barely legible medical conditions and treatment, which also are exempted from disclosure." *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1992), 82 Ohio App.3d 202, 214, 611 N.E.2d 838, 845–846.

We have conducted the requisite *in camera* inspection and individualized scrutiny of the emergency room and designated EMS reports. We are compelled to hold that the hospital has properly refused to release the reports relator seeks because they are medical records.

Accordingly, relator's request for relief in mandamus is denied. Relator to pay costs.

*Writ denied.*

JOHN F. CORRIGAN and PATTON, JJ., concur.