OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

[The State ex rel.] James v. Ohio State University et al.
[Cite as State ex rel. James v. Ohio State Univ. (1994), Ohio St.3d     .]
Public records -- Promotion and tenure records maintained by a
     state-supported institution of higher education are
     "public records" and are subject to public records
     disclosure requirements of R.C. 149.43(B).
Promotion and tenure records maintained by a state-supported
     institution of higher education are "public records"
     pursuant to R.C. 149.43(A)(1), are not subject to any
     exception, and are, therefore, subject to the public
     records disclosure requirements of R.C. 149.43(B).
     (No. 94-833 -- Submitted June 29, 1994 -- Decided August
31, 1994.)
     In Mandamus.
     Relator, William Calvin James, an assistant professor in
the department of geological sciences at respondent Ohio State
University ("university"), seeks access to and copies of
records contained in tenure and promotion files maintained by
the university in various college and departmental offices.
Respondent James Garland, dean of the college of math and
physical sciences, offered James access to a redacted version
of James's own promotion and tenure file, but refused James
access to any other employee's promotion and tenure file. As
to James's promotion and tenure file, respondent Garland
refused to provide James access to the chairperson's evaluation
letter and any information which might reveal the identity of
persons evaluating James's work.
     James brought this original action in mandamus to compel
respondents to provide access to the disputed records.

     William Calvin James, pro se.
     Porter, Wright, Morris & Arthur, and Kathleen M. Trafford,
for respondents.

     Wright, J. At issue in this case is whether documents
contained in promotion and tenure files maintained by the
university are public records subject to disclosure under R.C.

149.43(B), or whether the records meet any of the exceptions contained in R.C. 149.43(A)(1) so as to prevent disclosure.

The university does not dispute that it is a state agency and public office under R.C. 149.011.  Rather, it argues that the records are excepted from disclosure under R.C. 149.43(A)(1).  In considering the university's arguments, we are mindful that exceptions to disclosure are to be construed strictly against the custodian of public records and doubt should be resolved in favor of disclosure.  State ex rel. Plain Dealer Publishing Co. v. Lesak (1984), 9 Ohio St.3d 1, 4, 9 OBR 52, 54, 457 N.E.2d 821, 823 (Celebrezze, C.J., concurring).  Further, the burden to establish an exception is on the custodian of the public records.  State ex rel. Natl. Broadcasting Co. v. Cleveland (1988), 38 Ohio St.3d 79, 83, 526 N.E.2d 786, 790.

The university makes two claims that the records are not subject to disclosure: that R.C. 149.43(A)(2)(a) and (b) justify redaction of the evaluators' names, and that disclosure would substantially infringe the university's constitutionally protected right to academic freedom.  We reject both arguments.

The university contends that an evaluator is the equivalent of "an information source or witness to whom confidentiality has been reasonably promised" under R.C. 149.43(A)(2)(a) and (b).  However, in making this argument the university ignores R.C. 149.43(A)(2), which limits the applicability of R.C. 149.43(A)(2)(a) and (b) to "confidential law enforcement investigatory record[s]."  Under no stretch of the imagination can the personnel records in question be deemed confidential law enforcement investigatory records.  Therefore, the university's reliance on R.C. 149.43(A)(2)(a) and (b) is at best misplaced and, at worst, disingenuous.

This is particularly true in light of the university's statement in its own "GUIDELINES FOR PROMOTION AND TENURE PROCEDURES AT THE DEPARTMENT, COLLEGE, AND UNIVERSITY LEVELS," that "[i]t is the policy of the Ohio State University to maintain confidentiality, within the limits of law, regarding access to all letters of evaluation, including those from the inside and outside evaluators, promotion and tenure committees, the chairperson, and the dean.  However, these materials are not exempted from the Ohio Public Records Act at this time.  Prospective external evaluators should be informed of both these facts."[1]  (Emphasis added.)

The university's other contention is that disclosure of the records at issue would substantially infringe its constitutionally protected right to academic freedom.  Without specifically so stating, it would appear that the university is arguing that the records are not public records under R.C. 149.43(A)(1) because their release "is prohibited by state or federal law."

Basically the university's argument is as follows.  Academic freedom implicates core First Amendment values.  The tenure process is at the heart of academic freedom; therefore, the tenure process also implicates these values.  Since the integrity of the tenure process depends on the confidentiality of evaluators of candidates, the disclosure of evaluators' names violates the university's constitutionally protected

right to academic freedom.

The university's argument is based on unfounded premises and we reject its conclusion for the same reasons the United States Supreme Court rejected a similar argument when it considered whether promotion and tenure peer review documents are discoverable by the Equal Employment Opportunity Commission in a Title VII investigation.  In Univ. of Pennsylvania v. E.E.O.C. (1990), 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571, the University of Pennsylvania, a private institution, argued that its constitutional right of academic freedom would be infringed by disclosure of peer review documents to the E.E.O.C.  The court rejected this argument because disclosure of the documents did not relate to the right of the university to make tenure decisions on academic grounds.  Similarly, in the present case, the issue is not whether the university is permitted to decide on academic grounds who receives promotion and tenure, but whether the records of those decisions are public records.2  The university's only explanation as to how disclosure of the records will infringe on its decisions to award promotion and tenure on academic grounds is that it will not receive candid information necessary to make those decisions.  As the United States Supreme Court found, the claimed injury to academic freedom purportedly caused by disclosure of the records is "remote and attenuated."  Id., 493 U.S. at 200, 110 S.Ct. at 588, 107 L.Ed.2d at 589.  In addition, it is ironic that the university here argues that academic freedom is challenged by the disclosure of the documents.  It seems the antithesis of academic freedom to maintain secret files upon which promotion and tenure decisions are made, unavailable even to the person who is the subject of the evaluation.

Further, we are not convinced the integrity of the promotion and tenure system will be diminished if disclosure occurs.  Academic scholars routinely critique each other's work in public forums such as conferences, journal articles, and book reviews.  The existence of a tradition of confidentiality in the promotion and tenure setting does not mean that scholars will refuse to provide candid evaluations in the future simply because the records could be made available to the public. As Justice Blackmun said in Univ. of Pennsylvania v. E.E.O.C., "[f]inally, we are not so ready as petitioner seems to be to assume the worst about those in the academic community. Although it is possible that some evaluators may become less candid as the possibility of disclosure increases, others may simply ground their evaluations in specific examples and illustrations in order to deflect potential claims of bias or unfairness.  Not all academics will hesitate to stand up and be counted when they evaluate their peers."  Id.

Even if we were convinced that the integrity of the promotion and tenure process could be diminished by the disclosure of the documents at issue, this is a public policy consideration which it is not our place to evaluate.  As we have previously recognized in State ex rel. Multimedia, Inc. v. Whalen (1990), 48 Ohio St.3d 41, 549 N.E.2d 167, in enumerating very narrow, specific exceptions to the public records statute, the General Assembly has already weighed and balanced the competing public policy considerations between the public's

right to know how its state agencies make decisions and the potential harm, inconvenience or burden imposed on the agency by disclosure.

Therefore, we hold that promotion and tenure records maintained by a state-supported institution of higher education are "public records" pursuant to R.C. 149.43(A)(1), are not subject to any exception, and are, therefore, subject to the public records disclosure requirements of R.C. 149.43(B). Accordingly, the writ is granted.

Writ granted.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., concurs in the syllabus and judgment only.

FOOTNOTE:

1  Senior vice president for academic affairs and provost Richard Sisson reiterated this information to deans, directors and department chairpersons in a memorandum concerning promotion and tenure.  In his memorandum, under "REMINDERS AND SUGGESTIONS," Sisson stated:

"Confidentiality:

"While it is the policy of the Ohio State University to maintain confidentiality regarding access to letters of evaluation from both within and outside the university, the Ohio Public Records Act does not exempt such materials from the law at present.  Nonetheless, every effort should be made to limit access to these letters only to persons directly involved in the promotion and tenure review process.  External evaluators should be informed of Ohio State's policy and its standing under the Ohio Public Records Act."

2  Of course, the university is not free to make promotion and tenure decisions based on impermissible grounds such as race, sex, national origin, etc., under both federal and state law.