THE STATE, EX REL. CELEBREZZE, JR., ATTY. GEN., *v.* OHIO FIFTH DISTRICT COURT OF APPEALS ET AL.

[Cite as State, ex rel. Celebrezze, *v.* Court (1983), 5 Ohio St. 3d 1.]

(No. 82-1042—Decided May 18, 1983.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Ms. Margaret A. Malone* and *Ms. Joan M. Cummings,* for relator.

*Mr. James R. Unger,* prosecuting attorney, and *Mr. Allan L. Krash,* for respondents.

*Per Curiam.* Almost nine years have elapsed since the city of Canton was first ordered to fluoridate its water supply "within thirty days." This court has reviewed and passed on this issue in one form or another on numerous occasions. It should be quite clear to all interested parties that the state law requiring fluoridation will be enforced in the city of Canton. That question was answered in 1975. It is also quite clear that a writ of mandamus will issue compelling said fluoridation. That question was answered in 1980. This court ordered the issuance of a writ of mandamus to compel the city of Canton to fluoridate its water supply and issued a mandate to respondents to carry that order into execution. To date, respondents have not complied with that mandate. The purpose of this action is to obtain compliance with that mandate and obtain execution of the writ this court allowed in *State, ex rel. Brown,* v. *Canton, supra.*

Pursuant to R.C. 2731.16, this court is not limited in its power "* * * to carry its order and judgment into execution, or to punish any officer named therein for contempt or disobedience of its order or writs."

Although it would have been more appropriate for relator to have initiated contempt proceedings in the 1980 action wherein the city of Canton was a party, we find that the extraordinary history of delay attendant to this matter requires extraordinary steps to be taken. We hereby allow the issuance of a writ to compel respondents to comply with the mandate issued in *State, ex rel. Brown,* v. *Canton, supra.*

We also find that the city of Canton and its officials are essential parties to the enforcement of this writ and compliance with our previous mandate. Accordingly, this court *sua sponte* joins the city and its officials, *i.e.,* the mayor, city council, and all employees of the municipal water works, in this action. Given our prior holdings requiring fluoridation, we hereby issue a peremptory writ to compel the city and its officials to comply with the writ issued in *State, ex rel. Brown,* v. *Canton, supra,* without delay.

Failure to follow the mandate issuing from this court will result in contempt proceedings against any non-complying party.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.