THE STATE, EX REL. DAYTON NEWSPAPERS, INC., D.B.A. THE DAYTON DAILY NEWS, *v.* RAUCH, CORONER.

[Cite as State, ex rel. Dayton Newspapers, Inc., *v.* Rauch (1984), 12 Ohio St. 3d 100.]

(No. 83-597—Decided July 11, 1984.)

*Messrs. Porter, Wright, Morris & Arthur, Mr. Robert P. Bartlett, Jr.,* and *Mr. Thomas H. Pyper,* for relator.

*Mr. Frederick E. Mong,* for respondent.

*Per Curiam.* R.C. 149.43(B) requires the disclosure of all public records. Respondent contends that autopsy reports on homicide victims are exempt from disclosure as confidential law enforcement records because their release would disclose "[s]pecific confidential investigatory techniques or procedures or specific investigatory work product." R.C. 149.43(A)(2)(c).

In support of this contention respondent states that the autopsy reports contain information relating to the type of wounds, how they were inflicted, etc., which aid law enforcement personnel in conducting their investigation. Respondent also states that the contents of the report are used to test the credibility of witnesses by comparing a witness' proposed testimony with details in the autopsy report.

We adhere to our policy that exceptions to the disclosure requirements of R.C. 149.43(B) be strictly construed against the custodian of records. See *State, ex rel. Plain Dealer Pub. Co.,* v. *Krouse* (1977), 51 Ohio St. 2d 1 [5 O.O.3d 1]. However, we agree with respondent that the autopsy reports herein are exempt from disclosure as specific investigatory work product under R.C. 149.43(A)(2)(c). The autopsy is, in itself, an investigation. The fact that it is required because a homicide occurred distinguishes the autopsy

report from the "routine factual reports" we held subject to disclosure in *State, ex rel. Beacon Journal,* v. *Univ. of Akron* (1980), 64 Ohio St. 2d 392 [18 O.O.3d 534]. Moreover, we recognize that the confidentiality of the contents of an autopsy report is essential to its effective use in further investigation by law enforcement personnel.

We are unpersuaded by relator's argument that the terms of R.C. 313.09 and 313.10 require disclosure. R.C. 313.10 provides that "* * * records of the coroner * * * are public records * * *." However, in describing the records of the coroner, R.C. 313.09 in part provides:

"The coroner shall keep a complete record of and shall fill in the cause of death on the death certificate, in all cases coming under his jurisdiction. * * * Such records shall be properly indexed, and shall state the name, if known, of every deceased person as described in section 313.12 of the Revised Code, the place where the body was found, date of death, cause of death, and all other available information. The report of the coroner and the detailed findings of the autopsy shall be attached to the report of each case. * * *"

This statute treats the autopsy report as an item separate from the other information the coroner is required to keep as a public record. Thus, we cannot conclude, as relator urges, that it requires disclosure of the autopsy report in the same manner as the other information specified.

Accordingly, the writ is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.