BARTON ET AL. *v.* SHUPE, CHAIRMAN, CITY COMMISSION OF MIDDLETOWN.

[Cite as Barton *v.* Shupe (1988), 37 Ohio St. 3d 308.]

(No. 87-1900—Submitted February 9, 1988—Decided July 6, 1988.)

*Norma Barton* and *John Barton,* pro se.

*Sheldon A. Strand,* director of law, for respondent.

*Per Curiam.* In his motion for summary judgment, respondent argues that the report sought is a trial preparation record under the exception contained in R.C. 149.43(A) and therefore not a public record. We disagree. R.C. 149.43 provides in part:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including * * * [a] city * * * except * * * trial preparation records * * *.

"* * *

"(4) 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney."

Respondent argues further that under the Charter of the city of Middletown, the police chief and police officers are members of the classified civil service, and that the charter invokes state law, specifically R.C. 124.34, for procedures to remove members of the classified service from public office or employment. Since those procedures potentially involve appeals to the municipal civil service commission and the court of common pleas and subsequent appeals to the court of appeals and this court, respondent argues, based on the affidavit of City Manager Burns, that "all documents prepared in connection with the subject investigation were compiled and held in anticipation [of] removing Chief Dwyer from his office for disciplinary reasons." We reject this assertion.

Ohio law favors disclosure of public

records. Some years before enactment of the current statute, this court stated:

" 'The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people; therefore anyone may inspect such records at any time, subject only to the limitation that such inspection does not endanger the safety of the record, or unreasonably interfere with the discharge of the duties of the officer having custody of the same.' " *State, ex rel. Patterson,* v. *Ayers* (1960), 171 Ohio St. 369, 371, 14 O.O. 2d 116, 117, 171 N.E. 2d 508, 509, quoted in *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107, 109, 74 O.O. 2d 209, 211, 341 N.E. 2d 576, 577-578. The General Assembly has recently furthered this philosophy of disclosure by changing the definition of "public record" under the statute from a record "required to be kept" to one that merely "is kept."[1]

Respondent's assertion offends this philosophy. While any prudent public officer would be aware that this investigation might lead to litigation — administrative, civil, or criminal — the record resulting from the investigation was not "specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding." Clearly the investigation was conducted and the record compiled to establish the accuracy of the accusations being made against the police chief and to assess the propriety of his conduct, whatever litigation might result. It was simply a lawful investigation of one public officer by another. As such, the record compiled is a public record as defined in R.C. 149.43(A).

Since we hold that the record in question is a public record subject to disclosure, judgment for relators is appropriate. However, we agree with respondent that on the facts presented he is not the person responsible for the record. That person is the city manager. Moreover, we note that under R.C. 149.43(C), a person aggrieved by a "governmental unit" may obtain a judgment in mandamus that requires the "governmental unit *or* the person responsible for the public record to comply with [the disclosure requirements of] division (B) of * * * [R.C. 149.43]." (Emphasis added.) Accordingly, pursuant to Civ. R. 21, we, *sua sponte,* join the city of Middletown and the City Manager of the city of Middletown as parties, and hereby issue a peremptory writ of mandamus to compel the respondent city and the respondent city manager to make the subject record available as required by R.C. 149.43(B). *State, ex rel. Celebrezze,* v. *Court* (1983), 5 Ohio St. 3d 1, 4, 5 OBR 64, 66, 448 N.E. 2d 806, 808.

*Writ allowed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[1] Am. Sub. H.B. No. 238, 116th Ohio General Assembly (141 Ohio Laws, Part II, 2774-2775), effective July 1, 1985.