THE STATE, EX REL. WARE, *v.* CITY OF CLEVELAND ET AL.

(No. 58006—Decided
November 21, 1989.)

*Miller & Tolaro Co., L.P.A.,* and
*Jeffrey H. Spiegler,* for relator.
*Nick Tomino,* director of law, and
*Joseph J. Jerse,* for respondents.

ANN MCMANAMON, C.J. Relator,
Barbara J. Ware, seeks a writ of mandamus to compel respondents, city of
Cleveland, Mitchell J. Brown and
Howard E. Rudolph (the "city"), to
release investigation records concerning the suicide death of her husband,
Samuel Ware, while he was a prisoner
in the city jail.

Pursuant to a guidelines order, respondents filed a brief in opposition, a
notice of submission of records under
seal for individual scrutiny, and thirty-seven contested documents under seal.
Relator filed a brief supporting her
petition.

The respondents posit that the
documents sought by relator are excepted from the disclosure requirements of R.C. 149.43 because they are
confidential law enforcement investigatory records, medical records
and trial preparation records.

R.C. 149.43(B) provides in part:

"All public records shall be
promptly prepared and made available
for inspection to any person at all
reasonable times during regular business hours. Upon request, a person
responsible for public records shall
make copies available at cost, within a
reasonable period of time. * * *"

Mandamus is an available remedy
when a governmental unit fails to respond to a request for a public record
pursuant to the statute. R.C. 149.43.

Furthermore, in *State, ex rel. Natl.
Broadcasting Co.,* v. *Cleveland* (1988),
38 Ohio St. 3d 79, 526 N.E. 2d 786, the
Supreme Court held at paragraphs one
and two of the syllabus:

"1. Law enforcement investigatory records must be disclosed unless
they are excepted from disclosure by
R.C. 149.43 (*State, ex rel. Beacon Journal,* v. *Univ. of Akron* [1980], 64 Ohio
St. 2d 392, 18 O.O. 3d 534, 415 N.E. 2d
310, approved and followed.)

"2. A governmental body refusing to release records has the burden
of proving that the records are excepted from disclosure by R.C.
149.43."

Thus, respondents must first meet
their burden of proof for the disputed
records to be excepted from disclosure.

Respondents argue that photographs and thirty-two of the documents are without the disclosure requirements because they are trial preparation materials. R.C. 149.43(A)(4)
states:

" 'Trial preparation record' means
any record that contains information
that is specifically compiled in
reasonable anticipation of, or in
defense of, a civil or criminal action or
proceeding * * *."

In *Natl. Broadcasting Co., supra,*
at 85, 526 N.E. 2d at 791, the court explained:

"While Ohio's public records law
does not require the record to be compiled *solely* in anticipation of litigation,
this court has consistently held that
'* * * exceptions to disclosure enumerated in R.C. 149.43 are to be construed
strictly against the custodian of public
records and that all doubt should be
resolved in favor of disclosure.' [*State,
ex rel. Plain Dealer Publishing Co.,* v.]
*Lesak, supra* [(1984), 9 Ohio St. 3d 1],
at 4, 9 OBR at 54, 457 N.E. 2d at 823."
(Emphasis *sic.*)

The city contends that, because the
documents were generated as part of a
homicide investigation, they were

prepared for litigation purposes. The records provided to relator, however, belie this claim. The death of Samuel Ware was treated as a suicide from the outset. Moreover, the records submitted under seal demonstrate that these documents were prepared as part of a routine investigation of a jail suicide and not as the result of a "specific suspicion of criminal wrongdoing." *Id.* at 83, 526 N.E. 2d at 790. We hold these compilations to be the very type of internal investigatory reports the Supreme Court held subject to disclosure, *id.* See, also, *Barton v. Shupe* (1988), 37 Ohio St. 3d 308, 525 N.E. 2d 812; *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (Oct. 3, 1989), Cuyahoga App. No. 52337, unreported, applying *Natl. Broadcasting Co., supra.* Thus, reports related to the investigation of Ware's suicide are subject to disclosure.

The city further maintains that certain records need not be disclosed because they are excepted under the specific investigatory work product exception, R.C. 149.43(A)(2)(c):

"Specific investigatory work product can best be defined as material that demonstrably contains or reveals the theories, mental impressions, and thought processes of the investigator. * * *" *Natl. Broadcasting Co., supra,* at 84, 526 N.E. 2d at 790.

The respondents have not provided this court with any evidence to indicate the reports requested by the relator are anything other than the results of a routine internal investigation of a suicide in the city jail. Since the city has not demonstrated that the documents are confidential law enforcement investigatory records, they are not exempt from disclosure as specific investigation work products and thus we need not reach that issue.

The city also claims that the Emergency Medical Service patient care report requested by relator is exempt from the disclosure requirements of R.C. 149.43 because it is a medical record. R.C. 149.43(A)(3) defines a "medical record" as:

"* * * any document or combination of documents * * * that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment."

The report was not maintained or generated in the process of medical treatment. Samuel Ware received no medical treatment because he was found dead at the scene. The report must be disclosed.

Respondents next argue that the coroner's photographs are not subject to disclosure. R.C. 313.10 provides that all records of the coroner's office are open to inspection by the public. The city cites *State, ex rel. Dayton Newspapers, Inc., v. Rauch* (1984), 12 Ohio St. 3d 100, 12 OBR 87, 465 N.E. 2d 458, as authority for its claim that the coroner's photographs are specific investigatory work product exempt pursuant to R.C. 149.43. In *Rauch* the relator sought the coroner's report in a homicide investigation. The court stated that the fact that a homicide occurred distinguished the autopsy report from "routine factual reports" previously held subject to disclosure. *Id.* at 101, 12 OBR at 88, 465 N.E. 2d at 459, citing *State, ex rel. Beacon Journal, v. Univ. of Akron* (1980), 64 Ohio St. 2d 392, 18 O.O. 3d 534, 415 N.E. 2d 310. As we noted earlier, in this case there was no homicide; Ware committed suicide. Thus, *Rauch* is not applicable and the coroner's photographs may be inspected by the relator.

The city urges that two reports relating to the operation of the jail are not subject to disclosure. These reports are "public records" as defined in R.C. 149.43(A)(1) and are thus subject to disclosure. See *State, ex rel. Jacobs, v. Prudoff* (1986), 30 Ohio App. 3d 89, 30 OBR 187, 506 N.E. 2d 927. The statute

requires a public agency to disclose a public record unless the record is one of the clearly defined exceptions to the mandate of R.C. 149.43. A routine report on jail operations is not excepted by the statute.

Accordingly, this court orders a writ of mandamus against the respondents which orders them to release, without delay,. the thirty-seven public records requested by the relator.

In her brief, relator also requests that this court award attorney fees arising from this action. R.C. 149.43 (C) permits this court to award reasonable attorney fees to a person compelled to institute a mandamus action to acquire public records.

Therefore, a hearing will be held on December 8, 1989 at 9:30 a.m. to determine whether reasonable attorney fees should be granted and, if so, the amount to be awarded. At the hearing, relator and respondents, collectively, will each be allotted one half hour to argue whether attorney fees are appropriate in this case and the value thereof. Exhibits and affidavits will be accepted by the court.

*Writ granted.*

PATTON and NAHRA, JJ., concur.