The STATE ex rel. COLLINS

v.

CORBIN, Pros. Atty.

[Cite as *State ex rel. Collins v. Corbin* (1992), 73 Ohio App.3d 410.]

Court of Appeals of Ohio,
Brown County.

No. CA91–07–011.

Decided May 4, 1992.

*Wolske & Blue* and *William C. Mann,* for relator.

*R. Alan Corbin,* Prosecuting Attorney, and *Melvin H. Reifin,* for respondent.

---

JONES, Presiding Judge.

In this original action in mandamus, relator, Nanny Collins, seeks a writ of mandamus ordering respondent, R. Alan Corbin, the Brown County Prosecuting Attorney, to produce for inspection and copying certain records pertaining to the homicide of relator's son. Relator claims she is entitled to said records pursuant to R.C. 149.43, the public records law. Respondent asserts that all records requested by relator are trial preparation records as defined by R.C. 149.43(A)(4) and excepted from the mandatory disclosure requirements of R.C. 149.43. Relator has challenged this assertion.

Pursuant to *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus ("*NBC I*"), and *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1991), 57 Ohio St.3d 77, 81, 566 N.E.2d 146, 150 ("*NBC II*"), this court made an individualized scrutiny of the records in question and applied the relevant statutory exceptions.

R.C. 149.43(A)(1) defines a "public record" as " * * * any record that is kept by any public office * * * except * * * trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law." Respondent asserts that all records requested by relator are exempt as trial preparation records, which

are defined as " * * * any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." R.C. 149.43(A)(4). A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure; exceptions are to be strictly construed against the custodian of the records. *NBC I, supra,* 38 Ohio St.3d at 83–85, 526 N.E.2d at 790–792. See, also, *State ex rel. Multimedia, Inc. v. Whalen* (1990), 48 Ohio St.3d 41, 549 N.E.2d 167.

For the trial preparation exception to apply, R.C. 149.43(A)(4) requires records to be specifically compiled in reasonable anticipation of litigation. The records submitted by respondent contain numerous documents which reflect the "independent thought processes and personal trial preparations" of respondent or members of his staff. These documents were clearly prepared in anticipation of litigation and are exempt from disclosure to the public.

The documents also contain a number of police reports which respondent claims are likewise excepted as trial preparation records. In *State ex rel. Beacon Journal v. Univ. of Akron* (1980), 64 Ohio St.2d 392, 397–398, 18 O.O.3d 534, 537–538, 415 N.E.2d 310, 314, the Supreme Court examined the trial preparation exception as applied to police reports and held that routine factual police reports where police "were simply fulfilling the duty imposed upon all law enforcement agencies to generate ongoing offense reports, chronicling factual events reported to them" do not fall within the exception. Rather, where such reports consist of witness statements, officers' description of the offense, and photos of the site where the offense occurred, such police reports are not excepted under R.C. 149.43(A)(4). *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 564 N.E.2d 81.

General criminal investigations by police do not, as such, create investigative materials exempt from disclosure as trial preparation records under R.C. 149.43(A)(4). *State ex rel. Coleman v. Cincinnati* (1991), 57 Ohio St.3d 83, 566 N.E.2d 151. Investigations conducted for multiple purposes do not qualify as being *"specifically* compiled in reasonable anticipation of litigation." *NBC I, supra,* 38 Ohio St.3d at 84–85, 526 N.E.2d at 791. Furthermore, broad application of the trial preparation exception to police investigations negates the specifically drawn narrow exceptions to the legislature's mandated release of police records. *NBC II, supra,* 57 Ohio St.3d at 81, 566 N.E.2d at 150. Applying this standard to the records in the case at bar, we find that those documents which reflect a general criminal investigation and consist of general factual reports do not qualify for the trial preparation exception.

▇ Having examined the submitted records within the context of R.C. 149.43(A)(4), we note that several documents, although not excepted as trial preparation records, are nevertheless excluded from disclosure by other exceptions. Although respondent relies solely on the exception codified in R.C. 149.43(A)(4), "[t]he 'trial preparation record' exception must be interpreted in *pari materia* with the other statutory exceptions[.]" *State ex rel. Apanovitch v. Cleveland* (Feb. 6, 1991), Cuyahoga App. No. 58867, unreported, at 5, 1991 WL 18676. Thus, simply because some documents do not qualify as trial preparation records, public disclosure is not required if release of the records is "prohibited by state or federal law." R.C. 149.43(A)(1).

▇ The records herein contain several documents which are reports by county coroners. These documents are exempt under the Supreme Court's ruling in *State ex rel. Dayton Newspapers, Inc. v. Rauch* (1984), 12 Ohio St.3d 100, 12 OBR 87, 465 N.E.2d 458. Additional records contain the identities of suspects who have not been charged with the offense to which the record pertains and constitute confidential law enforcement investigatory records. R.C. 149.43(A)(2)(a). Finally, the records contain several documents involving juvenile court records, records which are not public documents. R.C. 2151.313; Juv.R. 32; Juv.R. 37(B). See, also, 1990 Ohio Atty.Gen.Ops. No. 90–101, at 2–440.

We have conducted a thorough and careful scrutiny of each document that has been submitted. We find that, under the exceptions noted above, seventy-three of the one hundred sixteen documents are exempt from disclosure in whole or in part. Those documents are numbered with the exceptions listed, as well as the information concerning redaction, in the chart labeled "DOCUMENTS WHICH ARE EXEMPT IN WHOLE OR PART," contained in the Appendix attached to this opinion. We find that the remaining forty-three documents should have been disclosed as they are public records. Those documents are also indicated in a separate chart marked "DOCUMENTS WHICH ARE PUBLIC RECORDS," in the attached Appendix.

▇ We now consider relator's request under R.C. 149.43(C) for attorney fees from respondent. An award of attorney fees under R.C. 149.43(C) is discretionary and is to be determined by the presence of a public benefit conferred by the relator seeking disclosure. *State ex rel. The Fairfield Leader v. Ricketts* (1990), 56 Ohio St.3d 97, 103, 564 N.E.2d 486, 492–493. Reasonableness and good faith of the respondent in refusing to make the disclosure are also to be considered. *Id.*

▇ The record herein reveals that relator's counsel made three separate written requests to respondent for a release of public documents. Respon-

dent admitted that no formal written response was made to relator's requests although respondent claimed that relator's counsel was informally advised that the request was being reviewed and researched. Although respondent may have, in good faith, believed his entire file to be exempt from disclosure as trial preparation materials, it appears that relator could not even ascertain the basis for respondent's claimed exemption without filing a mandamus action. We therefore find that respondent acted unreasonably in refusing to respond to relator's request and left relator no recourse but to file the instant mandamus action.

Accordingly, we hold that relator is entitled to reasonable attorney fees from respondent. We note, however, that relator has not yet submitted evidence in support of that award. Therefore, within thirty days after the date of this opinion, relator may file a specific request for attorney fees, together with evidence and a memorandum in support. Within thirty days after relator's evidence and memorandum are filed, respondent may file evidence and a memorandum in opposition, if desired.

Because both parties have the right to appeal from this judgment and because public records cases pose unique problems, it is important that the confidentiality of the records be preserved until the parties either exhaust their appeals or agree to end the litigation. Accordingly, to preserve the status quo, this court will re-seal the records submitted to it. In addition, this court will prepare an identical set of records which will be included under seal in this court's record to aid any subsequent appeal of the case.

In conclusion, relator has established a legal right to the records we have deemed public documents in whole or in part. Relator's petition for a writ of mandamus is hereby granted in part and denied in part in accordance with the Appendix attached to this opinion.

Writ granted in part and denied in part.

*Judgment accordingly.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.

APPENDIX

DOCUMENTS WHICH ARE PUBLIC RECORDS

| | | | |
|---|---|---|---|
| 3 | 43 | 56 | 95 |
| 4 | 44 | 57 | 96 |
| 25 | 46 | 58 | 97 |
| 26 | 47 | 62 | 98 |
| 27 | 48 | 68 | 104 |
| 28 | 49 | 73 | 107 |
| 29 | 50 | 79 | 108 |

| 36 | 51 | 80 | 109 |
| 38 | 53 | 83 | 114 |
| 39 | 54 | 84 | 115 |
| 40 | 55 | 86 | |

## DOCUMENTS WHICH ARE EXEMPT IN WHOLE OR PART

| Document | Exemption | Pages Redacted |
|---|---|---|
| 1 | R.C. 149.43(A)(4) The document consists of two microcassette tapes dictated by the prosecuting attorney's investigator which describe the crime scene, investigative follow-up, and the theory of the case and is exempt as a trial preparation record. | All |
| 2 | R.C. 2151.313 Photographs of a juvenile arrested or taken into custody are not public records. Remaining photos are public records. | 4 Photos of juvenile suspect |
| 5–20 | Juv.R. 37(B) The documents consist of juvenile court records which are not subject to public disclosure. | All |
| 21 | R.C. 149.43(A)(4) The document consists of handwritten and typewritten notes of the prosecuting attorney's investigator which describe the theory of the case and list individuals related to the case and is exempt as a trial preparation record. | All |
| 22 | R.C. 149.43(A)(4) The document consists of handwritten notes which reflect personal trial preparation. | All |
| 23 | The document is a coroner's report and exempt under *State ex rel. Dayton Newspapers, Inc. v. Rauch* (1984), 12 Ohio St.3d 100, 12 OBR 87, 465 N.E.2d 458. | All |
| 24 | R.C. 149.43(A)(4) The document consists of handwritten notes which reflect personal trial preparation. | All |
| 30–32 | R.C. 149.43(A)(2)(a) The documents list the identity of a suspect who has not been charged with the offense to which the record pertains. | All |
| 33 | R.C. 149.43(A)(4) The document consists of handwritten notes which reflect personal trial preparation. | All |
| 34 | R.C. 149.43(A)(2)(a) The document lists the identity of a suspect who has not been charged with the offense to which the record pertains. | All |
| 35 | R.C. 149.43(A)(2)(a) The document lists the identity of a suspect who has not been charged with the offense to which the record pertains. | All |
| 37 | R.C. 149.43(A)(4) The document consists of handwritten notes which reflect personal trial preparation. | All |
| 41 | The document is a coroner's report and exempt under *Rauch, supra.* | All |
| 42 | R.C. 149.43(A)(4) The document consists of handwritten notes which reflect personal trial preparation. | All |
| 45 | R.C. 2151.313 Fingerprints of a juvenile arrested or taken into custody are not public records. | All |
| 52 | R.C. 149.43(A)(4) The document consists of typewritten notes which reflect personal trial preparation. | All |

| Document | Exemption | Pages Redacted |
|---|---|---|
| 59 | The document is a coroner's report and exempt under *Rauch, supra.* | All |
| 60 | R.C. 149.43(A)(4)  The document consists of handwritten notes which reflect personal trial preparation. | All |
| 61 | Juv.R. 37(B)  The document consists of juvenile court records which are not subject to public disclosure. | All |
| 63 | R.C. 149.43(A)(4)  The document consists of handwritten notes which reflect personal trial preparation. | All |
| 64 | R.C. 149.43(A)(4)  The document consists of typewritten and handwritten notes which reflect personal trial preparation. | All |
| 65–67 | R.C. 149.43(A)(4)  The documents consist of handwritten notes which reflect personal trial preparation. | All |
| 69–71 | R.C. 149.43(A)(4)  The documents consist of handwritten notes which reflect personal trial preparation. | All |
| 72 | R.C. 149.43(A)(4)  The document consists of typewritten notes which reflect personal trial preparation. | All |
| 74 | The document is a coroner's report and exempt under *Rauch, supra.* | All |
| 75–76 | R.C. 149.43(A)(4)  The documents consist of handwritten notes which reflect personal trial preparation. | All |
| 77–78 | R.C. 149.43(A)(4)  The documents consist of typewritten notes which reflect trial preparation. | All |
| 81 | R.C. 149.43(A)(2)(a)  The document lists the identity of a suspect who has not been charged with the offense to which the record pertains. | All |
| 82 | R.C. 149.43(A)(4)  The document consists of typewritten and handwritten notes which reflect personal trial preparation. | All |
| 85 | R.C. 149.43(A)(4)  The document consists of handwritten notes which reflect personal trial preparation. | All |
| 87–93 | R.C. 149.43(A)(4)  The documents consist of handwritten notes which reflect personal trial preparation. | All |
| 94 | Juv.R. 37(B)  The document consists of juvenile court records which are not subject to public disclosure. | All |
| 99–102 | R.C. 149.43(A)(4)  The documents consist of handwritten notes which reflect personal trial preparation. | All |
| 103 | Juv.R. 32  The document consists of a social history of a juvenile and is not a public record. | All |
| 105 | R.C. 149.43(A)(4)  The document consists of handwritten notes which reflect personal trial preparation. | All |
| 106 | R.C. 149.43(A)(4)  The document consists of typewritten and handwritten notes which reflect personal trial preparation. | All |
| 110–112 | Juv.R. 37(B)  The documents consist of juvenile court records which are not subject to public disclosure. | All |
| 113A [1] | R.C. 149.43(A)(4)  The document consists of handwritten notes which reflect personal trial preparation. | All |
| 113B | R.C. 149.43(A)(4)  The document consists of handwritten notes which reflect personal trial preparation. | All |

---

1. Respondent gave the same identifying number, *i.e.,* 113, to two separate documents. This court has renumbered the documents as 113A and 113B, respectively, to maintain separate identification.