JOURNAL ENTRY AND OPINION
Relator, Michael A. Walker, has filed a complaint for a writ of mandamus. The realtor seeks an order from this court which requires the respondents, Dr. Elizabeth K. Balraj, Coroner for Cuyahoga County, and Barbara Campbell, to produce a copy of a trace metal test that was performed in 1983 on Joseph M. Saunders. Respondent-Balraj has filed a motion to dismiss. For the following reasons, we grant respondent-Balraj's motion to dismiss.
On September 13, 1983, the relator was found guilty, by a jury, of the offenses of the aggravated murder of Joseph M. Saunders (R.C. 2903.01), aggravated burglary (R.C. 2911.11), two counts of aggravated robbery (R.C. 2911.01), and two counts of felonious assault (R.C. 2903.10). The trial court sentenced the relator to an aggregate term of incarceration of sixty-four years to one hundred and five years. This court affirmed the relator's conviction and sentence of incarceration upon appeal in State v. Walker (May 31, 1984), Cuyahoga App. No. 47616, unreported.
Pursuant to R.C. 149.43, the relator seeks a copy of the trace metal test that was performed by the Cuyahoga County Coroner during the autopsy of Joseph M. Saunders. R.C.149.43(B)(1) provides that all public records shall be made available for inspection by any person at all reasonable times during regular business hours. In addition, a person may choose to obtain a copy of a public record upon paper or any other medium upon which the public record is ordinarily kept. R.C. 149.43(B)(1) and (2). However, not all records kept by a public office are public records and subject to inspection or duplication. Specifically exempted from the inspection or duplication requirement of R.C. 149.43 are confidential law enforcement investigatory records . See R.C. 149.43 (A)(2)(c).
In State ex rel. Dayton Newspapers, Inc. v. Rauch (1984),12 Ohio St.3d 100, the Supreme Court of Ohio established that autopsy reports are exempt from disclosure as specific investigatory work product under R.C. 149.43. In addition, the Supreme Court of Ohio, in State ex rel. Williams v. Cleveland (1992), 64 Ohio St.3d 544, held that records containing information derived from a coroner's autopsy or derived from a particular scientific test were specific investigatory work product exempt from disclosure pursuant to R.C.149.43. Cf. State ex rel. Natl. Broadcasting Co. v. Cleveland, (1988), 38 Ohio St.3d 79; State ex rel. Dayton Newspapers, Inc. v. Rauch (1984), 12 Ohio St.3d 100. Herein, the requested trace metal test was conducted as part of the autopsy that was performed on Joseph M. Saunders. Accordingly, the results of the trace metal test are exempt under the confidential law enforcement investigatory exemption as found at R.C. 149.43(A)(2)(c).
In addition, R.C. 149.43(B)(4) provides that:
 A public officer or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justifiable claim of the person.
Herein, the relator has failed to demonstrate that he has attempted to comply with the mandatory requirements of R.C.149.43(B)(4) through a petition addressed to the judge who imposed the original sentence of incarceration. The relator has failed to demonstrate that the trial court judge has determined that the record sought, the trace metal test, is necessary to support any justifiable claim. Thus, we decline to issue a writ of mandamus on behalf of the relator.
Finally, the Supreme Court of Ohio, in State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, held that:
 Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. * * * Id., paragraph five of the syllabus.
The Supreme Court of Ohio also held in Steckman that information not subject to discovery pursuant to Crim.R. 16 is not subject to release as a public record pursuant to R.C. 149.43 and that the record does not lose its exempt status unless and until all trials, actions and/or proceedings have been completed. Steckman, supra, paragraphs three and four of the syllabus. Based upon the application of Steckman, we decline to issue a writ of mandamus on behalf of the relator.
It must be noted that although two respondents were named within the relator's complaint for a writ of mandamus, only respondent-Balraj has filed a dispositive motion. Respondent-Campbell has not filed a dispositive motion. The granting of respondent-Balraj's motion to dismiss, however, renders any claim pending against respondent-Campbell moot, which in turn renders the judgment of this court final and appealable. General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17; Wise v. Gursky (1981), 66 Ohio St.2d 241; Commercial Natl. Bank v. Deppen (1981), 65 Ohio St.2d 65; Harleysville Mut. Ins. Co. v. Santora (1982), 3 Ohio App.3d 247. See, also, Huntington Mtge. Co. v. Shanker (1993), 92 Ohio App.3d 144.
Accordingly, we grant respondent-Balraj's motion to dismiss. Costs to relator.
DIANE KARPINSKI, P.J. MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________ JOHN T. PATTON, JUDGE