[Cite as *State ex rel. IdeaStream Pub. Media v. Cuyahoga Metro. Hous. Auth.*, 2021-Ohio-2843.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL., IDEASTREAM
PUBLIC MEDIA,                                  :

      Relator,                               :

                             No. 110346

      v.                                    :

CUYAHOGA METROPOLITAN
HOUSING AUTHORITY,                             :

      Respondent.                            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** August 17, 2021

---

Writ of Mandamus
Motion No. 547061
Order No. 547953

---

### *Appearances:*

First Amendment Clinic, Case Western Reserve University School of Law, Andrew Geronimo, and Gabrielle Wilson, Certified Legal Intern, *for relator.*

McDonald Hopkins Co., LLC, Tyler L. Mathews, Kevin M. Butler, and Theresa M. Lanese*, for respondent.*

KATHEEN ANN KEOUGH, J.:

{¶ 1} Relator, IdeaStream Public Media ("IdeaStream"), seeks a writ of mandamus directing respondent, the Cuyahoga Metropolitan Housing Authority

("CMHA"), a chartered public housing authority, to release any records responsive to its records request. CMHA has now attested that it has released all records responsive to IdeaStream's requests. Therefore, the action is moot. For the reasons that follow, we deny the requested writ as moot, but grant IdeaStream's request for statutory damages and costs.

**Background**

{¶ 2} According to the complaint, filed on March 7, 2021, IdeaStream submitted an inquiry to CMHA on November 13, 2020: "[T]here is a camera on the corner of the building where the [officer-involved shooting] occurred that seems to have been well-positioned to capture the entire thing. Was that camera on and working and capturing video [at the time of the shooting]?" CMHA responded seven days later informing IdeaStream that the incident was under investigation by Cleveland Police, but otherwise did not answer the question posed. On November 30, 2020, CMHA followed up with a statement, saying, "The fatal shooting involving a CMHA PD Officer on November 13, 2020, remains under investigation by the Cleveland Division of Police. The Network Video Recorder for cameras in the vicinity of the shooting is being held in evidence. All questions about the investigation, including those about cameras or video, should be directed to the Cleveland Division of Police." On December 3, 2020, CMHA also provided an additional response, stating,

> At this time, the fatal shooting that took place on November 13, 2020 involving a CMHA Police Officer remains under investigation by the Cleveland Division of Police. They are in possession of the Network

Video Recorder ("NVR") for cameras in the area of the shooting, which is itself evidence in the investigation. CMHA recognizes the need for transparency through this process, and we remain committed to fully cooperate with investigators to discover the facts of that evening. Any additional inquiries regarding the details of the ongoing investigation should be directed to the Cleveland Division of Police.

{¶ 3} On February 12, 2021, IdeaStream submitted a written request to CMHA (the "video request"). The request sought "[v]ideo footage from any CMHA-owned cameras that captured the incident, including any security cameras on the exterior of buildings surrounding the site of the shooting and any footage from police vehicle dashboard cameras at or near the scene at the time of the incident." This request was not properly received due to technical issues and was resent on February 15, 2021. CMHA acknowledged receipt of this request the same day. This is the same request IdeaStream sent to the city of Cleveland on February 16, 2021, which is the subject of a related mandamus action in *State ex rel. IdeaStream Pub. Media v. Cleveland*, 8th Dist. Cuyahoga No. 110345. The complaint alleges that IdeaStream received no response to this records request from CMHA prior to filing suit.

{¶ 4} The complaint further alleges that IdeaStream sent a different request for information to CMHA on November 20, 2020, seeking the identity of the CMHA officer involved in the shooting. In a December 1, 2020 response, CMHA declined to provide any information, claiming the identity of the officer was being withheld under the Confidential Law Enforcement Investigatory Records Exemption ("CLEIR").

**{¶ 5}** On December 3, 2020, IdeaStream followed up on its second inquiry by submitting a written records request (the "personnel file request") to CMHA, seeking "the personnel file for CMHA officer James Griffiths, including work history prior to working at CMHA, any performance evaluations and disciplinary records available for this officer." IdeaStream alleged it received no response to this request.

**{¶ 6}** IdeaStream then initiated the present action. As a part of a court-ordered status update, on April 5, 2021, CMHA certified that it had produced to IdeaStream the personnel file of Officer Griffiths, with redactions for home address, social security number, and phone number. The same order required CMHA to submit under seal for in camera inspection any responsive records for which it was claiming an exception or made any redaction. CMHA provided the unredacted personnel file of Officer Griffiths and a single, roughly 20-minute surveillance camera video. In the course of this action, IdeaStream acknowledged that CMHA had satisfied its personnel file request. This left the video request as the remaining unfulfilled records request in this case.

**{¶ 7}** Mediation was initially set and then canceled at IdeaStream's request. After a motion to dismiss filed by CMHA was dismissed, mediation was later attempted at CMHA's request, but was ultimately unsuccessful. The briefing of the parties indicates that, during mediation, the video produced by CMHA for in camera inspection was shown to IdeaStream by CMHA. CMHA did not produce the video or let IdeaStream record it at that time.

**{¶ 8}** CMHA filed a motion for summary judgment on June 4, 2021. On June 28, 2021, IdeaStream filed a brief in opposition, and Cleveland 19 News (WOIO), News 5 Cleveland (WEWS), WKYC Channel 3, The Ohio Association of Broadcasters, the Ohio News Media Association, The Society of Professional Journalists, the National Association of Black Journalists, and the National Press Club Institute filed an amicus brief. On July 6, 2021, CMHA filed a reply brief.

**{¶ 9}** Finally, the next day, CMHA filed a notice stating that it had released the video in question, the only responsive record it had to IdeaStream's remaining records request.

**Law and Analysis**

**{¶ 10}** The public has a right, enshrined in Ohio's Public Records Act, R.C. 149.43, to access public records maintained by public offices in this state. *State ex rel. Summers v. Fox*, 163 Ohio St.3d 217, 2020-Ohio-5585, 169 N.E.3d 625, ¶ 26. Mandamus is one of the appropriate means for vindicating the public's right to access public records. R.C. 149.43(C)(1)(b). To be successful,

> the requester must demonstrate that the requester has a clear legal right to compel the public office or person responsible for public records to allow the requester to inspect or copy the public record and that the public office or person responsible for public records has a clear legal duty to do so. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. "[U]nlike in other mandamus cases, '[requesters] in public records cases need not establish the lack of an adequate remedy in the ordinary course of law.'" *State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 15, quoting *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25.

*Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, Slip Opinion No. 2020-Ohio-5371, ¶ 24.

{¶ 11} The matter is before this court on summary judgment. Pursuant to Civ.R. 56, summary judgment is appropriate when "an examination of all relevant materials filed in the action reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, Slip Opinion No. 2021-Ohio-2374, ¶ 11, citing Civ.R. 56(C).

**Mootness**

{¶ 12} "'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.'" *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14. "A court considering a claim of mootness must first determine what records were requested, and then whether all responsive records were provided." *Andes v. Ohio Attorney Gen. Office*, Ct. of Cl. No. 2017-00144-PQ, 2017-Ohio-4251, ¶ 8.

{¶ 13} Here, CMHA has certified to this court that the only record it has responsive to IdeaStream's video request is the video that it filed with the court for in camera inspection. It has further informed the court that this video was released to IdeaStream on July 7, 2021. IdeaStream's May 19, 2021 status report indicates that its personnel file request was satisfied when CMHA produced the redacted

personnel file of Officer Griffiths. "Absent contrary evidence in the record," an averment that all responsive records have been produced is sufficient to demonstrate that a records request is moot. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 18. Here, there is no such contrary evidence.

{¶ 14} IdeaStream has been afforded the relief to which it would be entitled if it were successful in this action. It has been provided the personnel file and video it seeks. The action is, therefore, moot. *State ex rel. Chapnick v. E. Cleveland City School Dist. Bd. of Edn.*, 93 Ohio St.3d 449, 451, 755 N.E.2d 883 (2001), citing *State ex rel. Jones v. O'Connor*, 84 Ohio St.3d 426, 704 N.E.2d 1223 (1999) ("Mandamus does not lie to compel an act that has already been performed"). This portion of the action is moot.

**Statutory Damages and Costs**

{¶ 15} Even where a public records mandamus is moot, a relator may still be entitled to statutory damages, costs, or attorney fees. *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, 902 N.E.2d 976, ¶ 18, citing *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 9; *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor*, 89 Ohio St.3d 440, 448, 732 N.E.2d 969 (2000). IdeaStream has sought an award of statutory damages and costs in this action.

{¶ 16} R.C. 149.43(C)(2) provides for the award of statutory damages:

If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

{¶ 17} In the present case, IdeaStream has established that the video request and personnel file request were sent via email to CMHA. Those emails are attached to the complaint as exhibit Nos. 4 and 7. This constitutes delivery by electronic means, potentially entitling IdeaStream to statutory damages. *See State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, Slip Opinion No. 2021-Ohio-1176, ¶ 26.

{¶ 18} To be entitled to statutory damages, this court must find that CMHA failed to comply with an obligation imposed on it in R.C. 149.43(B). R.C. 149.43(B)(1) and (B)(3) provide,

Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request by any person, a public office or person responsible for public

records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. When making that public record available for public inspection or copying that public record, the public office or the person responsible for the public record shall notify the requester of any redaction or make the redaction plainly visible.

\* \* \*

If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was provided in writing, the explanation also shall be provided to the requester in writing. The explanation shall not preclude the public office or the person responsible for the requested public record from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section.

**{¶ 19}** Here, in response to a question about security cameras, CMHA stated that the device on which any videos were stored was in the possession of the city of Cleveland. However, during the deposition testimony of CMHA Lieutenant Gregory Drew, he acknowledged that even though the NVR was taken by the city of Cleveland, CMHA was provided with a copy of the video recording at issue shortly after the NVR was taken. CMHA's statement in response to IdeaStream's question leaves the mistaken impression that it did not possess any videos of the officer-involved shooting when, in fact, it did. Further, this was in response to a request for information.

{¶ 20} While IdeaStream sought information about video records in November 2020, its actual records request was not made until February 15, 2021.[1] In CMHA's answer to the complaint, it admitted receiving and acknowledging the video request. The complaint also alleges that CMHA never responded to this request. CMHA's answer denies that allegation, but CMHA has produced no evidence that it responded to the request, other than its response to the earlier inquiry about whether a camera was working on the day of the shooting incident. CMHA's motion for summary judgment and reply brief do not allege that CMHA ever provided a written response to the February 15, 2021 video request. CMHA never responded to IdeaStream's actual records request and did not deny the request based on specific exceptions to the Public Records Act with citation to legal authority.

{¶ 21} IdeaStream also submitted a records request for the personnel file of Officer Griffiths on December 3, 2020. The complaint alleged that CMHA did not respond to the personnel file request prior to IdeaStream initiating this action. CMHA has not refuted that allegation with any evidence in this action.

---

[1] There is a difference between a request for information and a public records request. *State ex rel. Kesterson*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, at ¶ 28. IdeaStream's November 16, 2020 communication with CMHA asked a question; it does not seek a public record: "[T]here is a camera on the corner of the building where the incident occurred that seems to have been well-positioned to capture the entire thing. Was that camera on and working and capturing video Friday?" The February 15, 2021 communication sought public records.

{¶ 22} Here, CMHA failed to respond at all to the records requests sent on December 3, 2020 and February 15, 2021, prior to IdeaStream initiating this public records action on March 7, 2021. This court finds that CMHA violated its duty under R.C. 149.43(B) to promptly respond to the public records requests by either producing records or notifying IdeaStream of the denial of its requests with supporting justification.

{¶ 23} A court may reduce an award of statutory damages if it finds both of the following:

> (a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

> (b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

R.C. 149.43(C)(2)(a)-(b).

{¶ 24} We do not find either factor here. CMHA chose not to respond to records requests either affirmatively or negatively. That is not an option under the public records act and not something a well-informed public office or person would

consider reasonable. *See State ex rel. Ware v. Akron*, Slip Opinion No. 2021-Ohio-624.

{¶ 25} Further, CMHA's earlier responses to IdeaStream's requests for information cannot be considered as responses to its records requests. For instance, a request for information about the name of the officer involved in an officer-involved shooting and the response that the officer's name would not be released based on a CLEIR exception is not applicable to a request for a specific individual's personnel records. Police officer personnel records are public records not subject to the CLEIR exception. *State ex rel. Natl. Broadcasting Co. v. Cleveland*, 38 Ohio St.3d 79, 83, 526 N.E.2d 786 (1988), citing *State ex rel. Dispatch Printing Co. v. Wells*, 18 Ohio St.3d 382, 481 N.E. 2d 632 (1985); *Barton v. Shupe*, 37 Ohio St.3d 308, 525 N.E. 2d 812 (1988). *See also State ex rel. Multimedia, Inc. v. Snowden*, 72 Ohio St.3d 141, 143, 647 N.E.2d 1374 (1995); *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 49

{¶ 26} The video request was not the same as the earlier request for information. As explained earlier, the denial of the request for information about videos intimated that CMHA did not possess any videos because they were taken by the city. However, IdeaStream established that CMHA was in possession of one video responsive to the records request. Neither factor in R.C. 149.43(C)(2) is present here for the reduction of statutory damages.

{¶ 27} The complaint was filed on March 7, 2021. CMHA filed a notice on April 5, 2021, that it provided the personnel file to IdeaStream. CMHA further

notified this court that it provided the video in its possession on July 7, 2021. At a rate of $100 per day, this court finds that IdeaStream is entitled to the maximum amount of $1,000. *See State ex rel. Ware,* Slip Opinion No. 2021-Ohio-624, at ¶ 22.

{¶ 28} IdeaStream also seeks an award of costs in this action. Costs may be awarded if "the court orders the public office or the person responsible for the public record to comply with division (B) of this section, * * * or [i]f the court makes a determination described in division (C)(3)(b)(iii) of this section * * *." R.C. 149.43(C)(3)(a)(i)-(ii). The second finding requires this court to determine that

> [t]he public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section. * * * This division shall not be construed as creating a presumption that the public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order described in this division.

R.C. 149.43(C)(3)(b)(iii).

{¶ 29} We have found that the action is moot with respect to CMHA's obligations under R.C. 149.43(B). Therefore, to award costs, this court must find that CMHA acted in bad faith when it did not respond to the personnel file request in the three-month period between the request and the filing of the instant action, or respond to the video request between its submission and the filing of this action.

> "'The term "bad faith" generally implies something more than bad judgment or negligence.'" [*State ex rel. McDougald v. Greene,* 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575,] ¶ 26, quoting *State v.*

*Tate*, 5th Dist. Fairfield No. 07 CA 55, 2008-Ohio-3759, ¶ 13. It "'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'" *Id.*, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 187 N.E.2d 45 (1962), paragraph two of the syllabus, rev'd on other grounds, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397 (1994), paragraph one of the syllabus.

*State ex rel. Summers*, Slip Opinion No. 2021-Ohio-2061, at ¶ 18.

{¶ 30} CMHA acknowledged receiving the personnel file request, and its failure to respond at all constitutes more than negligence. The personnel file of a police officer is a public record. *State ex rel. Natl. Broadcasting*, 38 Ohio St.3d at 83, 526 N.E.2d 786 (1988). It is not subject to the CLEIR exception because those files do not relate to and are not maintained in relation to any specific investigation. *Id.* "[P]ersonnel records reflecting the discipline of police officers are required to be disclosed pursuant to R.C. 149.43." *Id.*, citing *State ex rel. Dispatch Printing*, 18 Ohio St.3d 382, 481 N.E. 2d 632 (1985); and *Barton*, 37 Ohio St.3d 308, 525 N.E.2d 812 (1988). The personnel file was clearly a public record subject to redaction and release. CMHA does not argue otherwise. Therefore, we find that it acted in bad faith when it did not respond to IdeaStream's December 3, 2020 request in the three months prior to IdeaStream filing this action.

{¶ 31} Accordingly, we award IdeaStream its costs in this action.

{¶ 32} CMHA's motion for summary judgment is granted in part and denied in part as set forth above. The action is moot as to IdeaStream's request for mandamus directing CMHA to produce public records and is, therefore, denied.

IdeaStream is awarded $1000 in statutory damages and costs in this action. Respondent to bear the costs of this action. The clerk of courts is directed to serve notice of this judgment upon all parties as provided in Civ.R. 58(B).

{¶ 33} Writ denied.


_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
LISA B. FORBES, J., CONCUR